I iPLOTKIN, Judge.
Before SCHOTT, C.J., and ARMSTRONG and PLOTKIN, JJ.
The sole issue in this appeal is whether New Orleans Public Service, Inc. (“NOPSI”) can be held liable for injuries suffered by a party in an accident caused partially by the fact that the area where the accident occurred was poorly lighted due to street light outages. The trial court granted a motion for summary judgment in favor of NOPSI, finding that NOPSI cannot be held liable; that decision was based on the wording of one provision of the contract between the City of New Orleans and NOPSI. We reverse.

Facts

Plaintiff Roland George Withers suffered injuries which resulted in the amputation of his left leg when he was allegedly hit by a Regional Transit Authority (“RTA”) bus while waiting at a bus stop on Hayne Boulevard near its intersection with Vincent Road on September 4, 1991. The bus stop where the accident occurred is located across the street from two street fights which allegedly were not functioning at the time of the accident.
|2Withers originally filed suit against RTA, Transit Management of Southeast Louisiana, Progressive Casualty Insurance Co, and bus driver Glenda Williams (hereinafter collectively referred to as “RTA”), alleging that the accident was caused by the negligent operation of the bus in question. Additionally, he filed suit against the City of New Orleans, citing failure to properly maintain the bus stop and failure to maintain appropriate fighting near the site of the accident. Thereafter, RTA filed a third-party claim against NOPSI, claiming that NOPSI had garde of the street fights in question and was therefore liable for injuries caused by defective fighting.
Sometime later, Withers and RTA entered into a structured settlement agreement with a present value of approximately $750,000 at the time of the agreement. Pursuant to that agreement, Withers dismissed his suit in its entirety, leaving RTA the right to pursue its claims for contribution against NOPSI and the City of New Orleans.
NOPSI has filed two motions for summary judgment. On March 7, 1994, NOPSI’s initial motion for summary judgment was denied by the trial judge, who cited this court’s opinion in Lemire v. New Orleans Public Service, Inc., 538 So.2d 1151 (La.App. 4th Cir.), writs denied, 542 So.2d 1383 and 543 So.2d 2 (La.1980), which stated, in pertinent part, as follows:
Under a negligence theory there must be a showing that NOPSI knew or should have known the fights were not working, and that it failed to repair them. See, Norris v. City of New Orleans, 433 So.2d 392 (La.App. 4th Cir.1983) and the cases cited therein. The record is clear that no such showing has been made. Therefore, NOPSI’s liability cannot be predicated on negligence.
*468 However, we do find that Article 2317 is applicable. NOPSI is the custodian of the street lights. The fact that they were not operating is certainly a defect. The evidence supports the conclusion that the poorly lit street contributed to the accident. The purpose |<¡of street lights is obvious. They are intended to illuminate the pathway of the motoring public. When not functioning, it can be concluded that an unreasonable risk of harm may occur....
Id. at 1155.
However, on March 15, 1995, the trial judge reconsidered its decision based on new arguments made by NOPSI and granted a motion for summary judgment in NOPSI’s favor. The judgment states, in pertinent part, as follows:
When, on consideration of the pleadings, jurisprudence, the law, and the evidence, and upon noting the language of the Contract from the attached page of the Contract between NOPSI and the City of New Orleans that eliminates from NOPSI’s responsibilities any duty of inspection, the Court being of the opinion that NOPSI cannot be held strictly liable for an inoperative street light where NOPSI had no notice that the street light was out, and based upon the particular facts of this case;
IT IS ORDERED, ADJUDGED AND DECREED that Summary Judgment be granted herein in favor of NOPSI and against all other parties herein, dismissing all claims against NOPSI herein.
(Underlined emphasis added; boldfaced emphasis in original.) RTA appeals the trial court’s granting of the motion for summary judgment.
Louisiana law requires us to review a judgment granting a motion for summary de novo. The judgment may be affirmed only if this court finds that the movant— NOPSI in this case — has proven two things: (1) that no genuine issues of material fact exist, and (2) that it is entitled to judgment as a matter of law.

Genuine issue of material fact

In the instant ease, RTA claims that a genuine issue of material fact exists concerning NOPSI’s alleged ownership of the street lights in question. NOPSI denies ownership, claiming that the street lights are owned by the City of New Orleans; RTA claims that question has not been settled. In support of this ^contention, RTA attached to its opposition to the motion for summary judgment in the trial court a copy of “Requests for Admission” propagated to the City of New Orleans, which RTA claims should all be deemed admitted because they were never answered. No. 7 of those requests stated as follows: “Please admit that New Orleans Public Service, Inc. owns the street lights described....” RTA claims that deeming that request admitted creates a genuine issue of material fact precluding summary judgment.
We disagree. No. 8 of the very same Requests for Admissions reads as follows: “Please admit that the City of New Orleans owns the street lights described_” Moreover, the requests were addressed to the City of New Orleans, not to NOPSI. Under the circumstances, RTA cannot rely on the fact that the City failed to answer Request for Admission No. 7 to create a genuine issue of material fact. We find no genuine issues of material fact.[1]

NOPSI’s contractual liability

The fact that no genuine issues of material fact exist does not necessarily mean, however, that NOPSI is entitled to the granting of a motion for summary judgment. NOPSI must also prove that it is entitled to judgment as a matter of law, which means that NOPSI must prove that it can have no liability under any interpretation of the provisions of its contract with the City, read as a whole.
*469 The provisions of the contract between NOPSI and the City of New Orleans on which the trial judge relied in granting the motion for summary judgment states as follows:
IsSECTION V DAMAGES TO PERSON OR PROPERTY
[NOPSI] shall indemnify and save harmless city from all suits and actions that may be brought against it by reason of any injury or alleged injury to the person or property of another resulting from negligence or on account of any act of commission or omission on the part of [NOPSI], its representatives or employees in supplying the service provided for herein; provided, however, that City expressly agrees and understands that [NOPSI] assumes no obligation by virtue of any provision or section of this Contract, including, but not limited to this Section V, to inspect for outages, malfunctions, deterioration, wear and tear, equipment failure, or damage and in this regard further agrees that [NOPSI’s] failure to so inspect shall not render [NOPSI] liable to City under any circumstances.
SECTION XI OUTAGES
Upon receiving reports of outage of street lighting units or special installations, [NOPSI] shall take steps to re-establish service as quickly as is reasonably possible. Except for underground cable failure, or vehicular, storm or other damage to street lighting or special installation equipment or Company’s distribution system requiring extensive repairs and/or replacement, service shall be restored prior to commencement of the next night’s burning cycle after receipt of such notice of outage. City expressly agrees and understands that [NOPSI] assumes no obligation by virtue of any provision or section of this Contract, including but not limited to this Section XI, to inspect for outages, malfunctions, deterioration, wear and tear, equipment failure, or damages and in this regard further agrees that Company’s failure to so inspect shall not render Company liable to City under any circumstance. It is recognized that there will be some unscheduled and unavoidable outages of street lighting units and special installations and as an adjustment for all such outages [NOPSI] shall make a total deduction of $20.00 on each monthly bill rendered the City for service hereunder.
(Emphasis added.) NOPSI claims that its only relationship with the street lights in the City of New Orleans is governed by the contract quoted in part above. Because the contract places NOPSI under no obligation to inspect the street lights, |6it cannot be held liable for accidents caused by poor lighting conditions, NOPSI argues.
However, other provisions of the same contract indicate that NOPSI’s responsibilities regarding the street lights may be more extensive than NOPSI claims. For example, in Section I, relative to the scope of the contract, NOPSI is “solely responsible for the design, installation, maintenance and operation of the entire street lighting system as covered under the terms of this Contract.” Moreover, under the provisions of subsection 1 of Section VIII, relative to service to be performed by NOPSI inter alia, NOPSI is required to “maintain, operate and furnish electric energy for the entire street lighting system whether owned by [NOPSI], City or others....”
Further, Section 5, quoted above, which NOPSI quotes as evidence that it has no responsibility to inspect for street light outages, indicates that NOPSI and the City contemplated that NOPSI could negligently perform its obligations under the contract. In fact, that provision requires NOPSI to indemnify the City against personal and property damages caused by NOPSI’s negligence or other “act of commission or omission” on the part of NOPSI, “its representative or employees in supplying the services provided for herein.” This exact contract language vitiates NOPSI’s argument. NOPSI would have this court to hold that it cannot be hable to any third party for street light outages. However, the contract contemplates NOPSI’s liability for breach of its obligations under the contract. Thus, the parties to the contract acknowledged that NOPSI could negligently fail to maintain the street lights. Certainly that fact is sufficient to create ambiguity in the contract and to *470 prevent summary judgment under the circumstances presented by the instant case.
| ?This interpretation of the contract is supported by the record, which contains the deposition of NOPSI official Conrad Vincent Porbes, who testified that “NOPSI is the only entity within the City of New Orleans responsible for maintaining the street lighting along Hayne Boulevard.” Moreover, Porbes admitted that NOPSI does not have a preventive maintenance schedule for any of the street lights in the City.
Thus, Withers cannot be deprived of his legal right against NOPSI by a private contract NOPSI entered into with the City. The obvious intention of that contract was to provide indemnity in favor of the City by NOPSI. The contract does not even purport to shield NOPSI from liability to third parties.
Furthermore, under the facts of the instant ease, NOPSI may be strictly liable to the plaintiff pursuant to La.C.C. art. 2317 and the Lemire decision, which is binding precedent in this court. The contract which forms the subject of this case, when read as a whole, supports this court’s statement in Le-mire that NOPSI is the “custodian” of the street lights, which were unquestionably defective because they were not working. Moreover, as in Lemire, the evidence may support the conclusion that the poorly lit street contributed to the accident in this case. NOPSI’s strict liability under La.C.C. art. 2317 does not require a finding that NOPSI owns the street lights in question; the fact that NOPSI, as the only entity responsible for maintenance of the lights, is the custodian of the lights is sufficient.
Thus, NOPSI has failed to prove that it is entitled to judgment as a matter of law. The trial judge improperly granted the motion for summary judgment.
| ^Conclusion
Accordingly, the trial court judgment granting the motion for summary judgment is reversed.[2] The case is remanded for further proceedings consistent with this decision.

REVERSED AND REMANDED.

ARMSTRONG, J., concurs.

. In its brief to this court, RTA attached the deposition of Frank Stuart, the Director of the Department of Streets for the City of New Orleans in support of their contention that the question of NOPSI’s ownership of the lights has not been settled. However, since RTA failed to attach the deposition to its opposition to the motion for summary judgment, it will not be considered by this court.

. Because of our decision to reverse the trial court’s granting of the motion for summary judgment on legal grounds, we pretermit discussion of RTA's assignment of error concerning its right to complete discovery prior to the granting of a motion for summary judgment.